IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-336-2-BO
No. 5:16-CV-174-BO

JESSIE GOMEZ, )
          Petitioner, )
)
v. ) O R D E R
)
UNITED STATES OF AMERICA, )
          Respondent. )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 210]. Also before the Court is respondent's motion to dismiss. [DE 218]. The stay previously entered in this matter has been lifted. For the reasons that follow, petitioner's § 2255 motion is DENIED.

## BACKGROUND

Petitioner, Gomez, is currently serving a sentence of 170 months' imprisonment after pleading guilty to counts one and three of an eight-count indictment charging Gomez and others with robbery and firearm offenses. Gomez pleaded guilty to conspiracy to rob businesses engaged in interstate commerce (count one), 18 U.S.C. § 1951(b); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting (count three), 18 U.S.C. §§ 924(c)(1)(A) and 2. Gomez was sentenced to 110 months' imprisonment on count one and sixty months' imprisonment on count three, to be served consecutively. [DE 200].

Gomez filed a *pro se*[1] 28 U.S.C. § 2255 motion claiming that he received the ineffective assistance of counsel and challenging his 18 U.S.C. § 924(c) conviction in light of the Supreme

---

[1] The Office of the Federal Public Defender appeared for Gomez on April 26, 2016, pursuant to the Court's Standing Order 15-SO-02. The Court subsequently denied Gomez's motion to appoint counsel on grounds other than Standing Order 15-SO-02. [DE 217].

Court's decision in *Johnson v. United* States, 135 S. Ct. 2551 (2015). Appointed counsel filed a notice joining in Gomez's claim that his § 924(c) conviction is infirm in light of *Johnson*. [DE 241]. The government has moved to dismiss Gomez's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Upon a motion by the government, the case was stayed on October 3, 2018, to await decisions by the Fourth Circuit in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Although *Simms* was decided on January 24, 2019, the mandate in *Simms* was stayed to await the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis* and the Fourth Circuit's mandate in *Simms*, this Court *sua sponte* lifted the stay in this matter and ordered additional briefing. In this posture, the § 2255 motion is ripe for adjudication.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The Court considers first Gomez's claim that he received the ineffective assistance of counsel. To state a claim for ineffective assistance of counsel under the governing standard in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). A petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In other words, a petitioner must demonstrate both that counsel's performance was deficient and that, but for counsel's deficiency, the result of the proceeding would have been different.

Gomez claims that his trial counsel was ineffective in failing to advise him about the applicability of relevant conduct, sentencing enhancements, and acceptance of responsibility under the United States Sentencing Guidelines, and that, had he known what an integral role the Guidelines would play in sentencing, he would not have pleaded guilty. Gomez's presentence report reveals that he received one Guidelines enhancement for being a leader or organizer, to which his counsel objected. Gomez further received a three-level reduction in his Guidelines calculation based on acceptance of responsibility. Gomez's claim that he would have not pleaded guilty had he received a more detailed explanation of the Sentencing Guidelines is conclusory, and he has failed to plausibly allege that his counsel's conduct fell below an objective standard of reasonableness. Accordingly, his ineffective assistance of counsel claims fails, and a hearing is unwarranted.

3

The Court next considers Gomez's claim that his § 924(c) conviction is infirm. A defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The predicate offense for Gomez's conviction under 18 U.S.C. § 924(c) in count three is his interference with commerce by robbery (Hobbs Act robbery) charge in count two.

Section 924(c) defines a crime of violence as a felony offense that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3)(A)-(B). Although, like the ACCA's residual clause, the residual clause of § 924(c)(3) is now invalid, *Davis*, 139 S. Ct. at 2336, Hobbs Act robbery remains a crime of violence under the force clause of § 924(c)(3)(A) *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). That the Hobbs Act robbery charge supporting Gomez's § 924(c) conviction was dismissed is of no import. *See United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002); *United States v. Link*, 214 F. Supp. 3d 506, 518 (E.D. Va. 2016). Accordingly, Gomez's § 924(c) conviction stands as he has a proper crime of violence predicate to support the conviction.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

4

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, the government's motion to dismiss [DE 218] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 210] is DISMISSED. The government's motion for extension of time to file a supplemental response [DE 281] is DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this 25 day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE