IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-336-BO-3
No. 5:20-CV-419-BO

JESSIE GOMEZ, )
        Petitioner, )
)  **ORDER**
v. )
)
UNITED STATES OF AMERICA, )
        Respondent. )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 333]. The government has moved to dismiss the petition [DE 349], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is denied.

## BACKGROUND

On April 11, 2013, petitioner pleaded guilty to conspiracy to rob a business engaged in interstate commerce, in violation of 18 U.S.C. § 1951(b), and possession of a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A), 2. On August 22, 2013, this Court sentenced petitioner to a total of 200 months' imprisonment. Petitioner filed notice of appeal on August 30, 2013. The Fourth Circuit vacated his decision on March 18, 2015. On May 22, 2015, this Court sentenced petitioner to an amended judgment of a total of 170 months' imprisonment.

Petitioner filed a motion to vacate based on § 2255 on April 12, 2016. In that motion, petitioner claimed that he received ineffective assistance of counsel and challenged his 18 U.S.C. §924(c) conviction in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On September 26, 2019, the Court dismissed the motion, finding that he failed

to state a claim of ineffective assistance of counsel and that his § 924(c) conviction stands, as he has a proper crime of violence predicate to support his conviction. On July 27, 2020, petitioner filed the instant § 2255 motion. Petitioner argues in his motion that due process has been violated with respect to his conviction and sentence because his Hobbs Act conspiracy cannot support his § 924(c) conviction.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Because the instant motion attacks the same conviction and sentence as was earlier challenged by the prior motion to vacate, and that motion was dismissed, the instant motion to vacate is second or successive. *Id.* at 207. Therefore, this Court is without jurisdiction to review this matter until authorized to do so by the Fourth Circuit Court of Appeals. *Id.* at 205.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a

2

Case 5:12-cr-00336-BO Document 359 Filed 01/22/21 Page 2 of 3

constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, the government's motion to dismiss [DE 349] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 333] is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 22 day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE